CRESCENT INSURANCE CO. *v.* VICKSBURG, YAZOO & SUN-
FLOWER RIVER PACKET CO.

1. MARINE INSURANCE.   *Peril of the river.*

> Damage to cotton which is wet by being thrown from the deck into the
> river by the sudden careening of a steam-boat is covered by a policy
> insuring against perils of the river.

2. SAME.   *Negligence of crew.   Liability of insurer.*

> And the insurer is liable therefor, though the cotton may have fallen into
> the water as the result of carelessness or unskillfulness in unloading,
> and this although the insurance is for the benefit of the owner of the
> boat.   To relieve from liability because of the acts of the master or
> crew, there must be a want of good faith.

FROM the circuit court of Warren county.

HON. J. D. GILLAND, Judge.

The Vicksburg, Yazoo & Sunflower River Packet Co. was
the owner of a steam-boat plying the Yazoo river.   On the
trip in question, the boat was loaded with cotton, and, for
the protection of that company, the master of the boat ob-
tained from the Crescent Insurance Company a policy of
marine insurance covering the cotton, by the terms of which
it was provided that "the liabilities and perils assumed by
the company are of rivers, fires, jettisons, and all other perils,
losses and misfortunes that have or shall come to the injury,
damage or detriment of said property, or any part thereof,
by reason of the dangers aforesaid.".   It was also stipulated
that "the insurers shall not be liable for damage by breakage,
wet or dampness, or by being spotted, discolored or mouldy,
unless the same be caused by some disaster to the vessel by
which said goods shall have come into contact with the
water."

A portion of the cotton was destined to New Orleans, La.,
and had to be transferred at Vicksburg to the connecting

boat. To facilitate this transfer, the New Orleans boat was landed along-side of appellee's boat, and the crew of the former began to unload and transfer the cotton. In doing this, too many bales were taken from one side of the boat, and this caused it to suddenly tilt over or " careen," whereby about fifty bales of her cargo were thrown into the river. They were rescued, but in a damaged condition. The packet company paid to the owners of the cotton the sum of $257 in satisfaction of the damage, and brought this action against the insurance company to recover that amount. The cause was submitted to the court, by consent, without a jury, which rendered a judgment in favor of the plaintiff, and the defendant appealed.

*Birchett & Shelton*, for appellant.

" Perils of the sea " and " perils of the river " mean the same thing. 41 Am. Dec., 281, note. By the phrase is meant losses from extraordinary action of wind and sea and from inevitable accident directly connected with navigation. 1 Parsons, Marine Ins., 544. The insured impliedly warrants his vessel able to stand all ordinary causes. *Ib.*, 367. Negligence of the master and crew is not insured against. *Ib.*, 534; *Fleming* v. *Ins. Co.*, 38 Am. Dec., 747; 3 Kent's Com. (12th Ed.), 300; 9 Wall., 682. Loss from unskillfulness of pilot not a peril of the sea. *Harvey* v. *Pike*, 7 Am. Dec., 698. Insurer not liable if loss result from act of insured or his agent. 1 Parsons, Marine Ins., 532, 533; See also 12 Gray, 603. Burden was on insured to show loss by a peril of the sea. *Ib.* It is not denied that the accident occurred through negligence. If it was not negligence to so unload the boat, it was negligence to use a boat that was unable to stand ordinary usage in loading and unloading.

*Dabney & McCabe*, for appellee.

The damage was clearly covered by the terms of the policy. Even if loss resulted from negligence, liability of the insurer

will not be affected unless the negligence was so gross as to carry the idea of fraud or intentional injury. May, Ins., § 408. Because an accident of this kind results from negligence, it is none the less a "peril of the sea." Negligence is not shown, and if there was negligence it was on the part of the crew of the connecting boat. That the loss here was caused by a peril of the river, see 14 Am. & Eng. Ency. L., 375, 376; 55 Ga., 266; 122 Mass., 573. The construction will be most favorable to the assured. May, Ins., 181.

CAMPBELL, C. J., delivered the opinion of the court.

The injury to the cotton by water of the river, into which it was thrown by a mishap to the boat, was a peril of the river within the terms of the policy; and, if it be true that the *careening* of the boat resulted from negligence in unloading, the insurer is liable. *Redman* v. *Wilson,* 14 Meeson & W., Exc., 476. The *immediate* cause of injury to the cotton was water of the river. That it got into the river because of some carelessness or unskillfulness of those engaged in unloading does not relieve the insurer from liability. To relieve from liability because of acts of the master or crew, there must be *want of good faith and honesty of purpose.* 1 Phillips on Ins., § 1049; May on Ins., § 408; Flanders on Fire Ins., 477; 14 Am. & Eng. Ency. L., p. 383, note 2, and numerous cases. On this subject there is no difference between marine and other insurance. Whatever diversity of view on this question once existed, it is now firmly settled in England and America as stated above. "Where a peril of the sea is the proximate cause of a loss, the negligence which caused that peril is not inquired into." *Ins. Co.* v. *Sherwood,* 14 How., * 361.

Affirmed.